# Richmond.

## WOODS v. ELLIS.

### November 15th, 1888.

1. JUDICIAL SALES—*Receiver—Purchaser.*—Where receiver collects the money from a purchaser at a judicial sale before giving the required bond, and fails to account, though he may afterwards give the bond, the purchaser may be compelled to pay the money a second time.
2. IDEM—*Vendor's lien—Effect of sale—Release.*—Where land is sold on credit and title retained, and vendors bring suit and sell the land under a decree, such sale releases the lien for the purchase-money.
3. CHANCERY PRACTICE—*Parties—Demurrer.*—In suit by vendors to recover price of land, demurrer will not lie for want of proper parties on the ground that the money, when collected, has been appropriated to pay claims against the vendors.

Argued at Staunton, decided at Richmond. Appeal from decree of circuit court of Amherst county, rendered April 12th, 1885, and from decree of circuit court of Albemarle county (to which court the cause had been removed), rendered May 15th, 1888, in the chancery cause wherein R. N. Ellis and others were complainants, and Isabella J. Woods and others were defendants. The decree being adverse to the said Woods, she obtained an appeal and *supersedeas.* Opinion states the case.

*Caskie & Coleman,* for appellant.

*J. R. Ellis,* and *C. L. Scott,* for appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from two decrees rendered in the cause—one rendered by the circuit court of Amherst at the April term,

1885, and the other rendered by the circuit court of Albemarle county (to which court the cause was removed), at the May term, 1888. The case, briefly stated, is as follows: R. N. Ellis and Lucy McD. Davis sold a house and two lots in the village of Pedlar Mills, in the county of Amherst, to one Carson, at the price of $1,000, on a credit in part, and retaining the title. Carson defaulted, and upon suits by these parties for specific performance against Carson—Mrs. Davis bringing one, and Mundy and Brown, commissioners in the chancery suit of *Pleasants* v. *Williams*, bringing the other, against Carson and said Ellis, Ellis having assigned his bonds against Carson to said Brown and Mundy—the house and two lots were decreed to be sold by Brown, special commissioner. The same were sold by Brown, and purchased by the said Carson at the price of $550, after deducting the cash payment. This sale was reported to and confirmed by the court, and Brown appointed receiver to collect the purchase-money bonds which were executed by Carson, with approved security, and returned to the court, along with the report of the sale, the said receiver being required to execute a bond in the penalty of $1,000. Subsequently, it being suggested to the court that Carson had sold the house and lots, and desired to get a deed to the same, it was decreed that, upon the payment of the purchase-money to the receiver, a deed should be made to Carson, or to any person he should direct; and the purchase-money being paid to the receiver by the appellant, Isabella I. Woods, the receiver executed a deed to her December 30, 1881, in which Carson subsequently united. At the time the money was collected by the receiver, he had not complied with the decree of the court by executing the bond required of him as receiver. Brown, the receiver, appears to have defaulted as to this whole fund, and left the State of Virginia. Ellis and Lucy McD. Davis filed their bill against the appellant, Woods, and others, claiming to subject the land to the repayment of the purchase-money. The said Woods, having paid the said purchase-money to a person not authorized to receive it, had paid

it in her own wrong; and, the said receiver not having paid it over to them, it was in fact unpaid, and the land was liable for it. The appellant, Woods, demurred and answered, and showed that a bond had subsequently been executed by Brown, with security, accepted by the clerk; and that Brown was the counsel for the said plaintiffs, and they were therefore bound by his acts. But the circuit court held that the money having been paid by the purchaser to a person not authorized to receive it, the said purchaser was in default, and must pay again; and decreed a resale of the land if the said payment should not be made within a stated time. Thereupon the appellant appealed, and the appellees, Ellis and Davis, assign as error to their prejudice that the court should have held the land liable for the amount of the purchase-money due by Carson on the first sale; he having become the purchaser at the second sale, and a lien having been reserved by them to secure the purchase-money on the first.

As to this exception of the appellees, we may here remark that while it is clear enough that Carson may owe them whatever purchase-money he has not paid them on the first sale, which the second sale was inadequate to discharge, they have no claim on the land by reason of their having retained the title on the first contract of sale, for the reason that, by their suit for specific performance of this very contract, they have enforced and expended the same, and the land has been subjected to the satisfaction of their claim by a sale under which the purchase-money has been ascertained by a new contract of sale, to which they are parties; and there was no error in this action of the circuit court.

As to the error assigned by the appellant, we think the demurrer for want of proper parties was properly overruled; the plaintiffs being entitled to sue for and recover the money claimed in the suit, although, when collected, it was dedicated to the payment of certain claims against them.

As to the error assigned, that the circuit court decreed the sale of

the land instead of proceeding, under the subsequently executed bond, against the obligors therein, it is well settled, by repeated decisions of this court, that it is the duty of a purchaser at a judicial sale, before paying the purchase-money to the court's commissioner or receiver, to see that he has given the required bond, otherwise they might be paying to one having no authority to receive it; and that such purchaser is bound to take notice of the decrees and other material proceedings, under authority of which the land was sold. *Hess* v. *Rader,* 26 Gratt. 749; *Lloyd* v. *Erwin,* 29 Gratt. 598; *Tyler* v. *Toms,* 75 Va. 116. The purchaser is bound to see to it that he pays the purchase-money to the person duly authorized to receive it, or he pays it in his own wrong; and such payment must be held to be no valid payment, and he is as liable as before to pay the said purchase-money, which is in nowise discharged, either as against him or as against the land. There was therefore no error in the decree of the circuit court, and the same must be affirmed.

DECREE AFFIRMED.